UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

DORIAN JOHNSON,                        )
                                       )
            Petitioner,                )
                                       )
v.                                     )      Nos.:  3:10-CR-110
                                       )             3:13-CV-573
UNITED STATES OF AMERICA,              )             (VARLAN/GUYTON)
                                       )
            Respondent.                )


**MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255

filed by petitioner Dorian Johnson ("petitioner").  For the reasons stated below, the motion

will be **DENIED** as time-barred and this action will be **DISMISSED**.

Petitioner pleaded guilty to distribution of five grams or more of cocaine base and was

sentenced to a term of imprisonment of 188 months by judgment entered March 29, 2012

[Criminal Action No. 3:10-cr-110, Doc. 342, Judgment].  He did not appeal the conviction

or sentence.   Petitioner filed his § 2255 motion on September 14, 2013, in which he

challenges the sentence imposed; he also alleges several instances of ineffective assistance

of counsel.  [*Id.*, Doc. 409, Motion].

Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), § 2255

provides for a one-year statute of limitation in which to file a motion to vacate sentence; the

limitation period generally runs from the date on which the judgment of conviction becomes

final.  28 U.S.C. § 2255(f).  In the event a petitioner did not file a direct appeal, the statute

of limitation commences when the time for filing a direct appeal has elapsed. *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) ("[A]n unappealed federal criminal judgment becomes final ten days after it is entered, for purposes of the § 2255 statute of limitations, at least where there has been no district court extension of appeal time for good cause or excusable neglect."). Accordingly, petitioner had until April 12, 2013, within which to file his § 2255 motion.[1]

Petitioner acknowledges that his § 2255 motion was not timely filed but alleges that his motion should not be barred by the statute of limitation because he did not learn of the one-year statute until after the limitation period had passed. Petitioner also claims that it would be a complete miscarriage of justice to deny his request to file his motion out of time.

The Supreme Court has held that equitable tolling of a statute of limitation is available "in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). Petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citations omitted). "A habeas petitioner is entitled to equitable tolling only if two requirements are met. First, the petitioner must establish 'that he has been pursuing his rights diligently.' And second, the petitioner must show 'that some extraordinary circumstance stood in his way and prevented timely filing.'" *Hall v. Warden*, 662 F. 3d 745, 749 (6th Cir. 2011) (quoting *Holland v. Florida*, 130 S. Ct. at 2562) (holding that counsel's

---

[1]Effective December 1, 2009, a defendant's notice of appeal must be filed within 14 days after entry of the judgment of conviction. Fed. R. Crim. App. 4(b)(1).

2

failure to turn over the trial transcript as well as other documents related to the case and the prison's restriction on visits to the law library did not entitle petitioner to equitable tolling).

Petitioner alleges that failure to consider his § 2255 motion would result in a miscarriage of justice because a non-existent felony was used to enhance his sentence. Petitioner, however, has waived this claim. The government filed the required notice, pursuant to 21 U.S.C. § 851, of its intent to seek enhanced punishment based upon petitioner's prior conviction for a felony drug offense. [Criminal Action No. 3:10-cr-110, Doc. 193, Notice of Enhancement]. In both his original plea agreement and his amended plea agreement, petitioner acknowledged that he was subject to an enhanced sentence based upon a previous felony drug conviction. [*Id.*, Doc. 222, Plea Agreement, p. 1, ¶ 1; Doc. 336, Amended Plea Agreement, p. 1, ¶ 1]. *See United States v. Freed*, 688 F.2d 24, 25 (6th Cir. 1982) (a plea of guilty is an admission of all material facts alleged in the charge and constitutes a waiver of all non-jurisdictional defects and defenses); *see also United States v. Broce*, 488 U.S. 563, 569 (1989) ("A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence.").

With respect to petitioner's claim that he was not aware of the one-year statute of limitation, "[i]t is well-settled that ignorance of the law alone is not sufficient to warrant equitable tolling." *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *see also Harrison v. I.M.S.*, 56 F. App'x 682, 685, 2003 WL 173669 *4 (6th Cir. 2003) ("Petitioner's alleged ignorance of legal matters does not demonstrate a lack of constructive knowledge of the

3

filing deadline."); *Miller v. Cason*, 49 F. App'x 495, 497 (6th Cir. 2002) ("Miller's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition."). The Court finds that petitioner did not diligently pursue his rights.

"The doctrine of equitable tolling is applied sparingly by federal courts," and is typically used "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (citations and internal quotations marks omitted). Under the circumstances, petitioner has not demonstrated that he is entitled to equitable tolling of the statute of limitation and his § 2255 motion is time-barred. *See Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)) ("'Absent compelling equitable considerations, a court should not extend limitations by even a single day.'").

The motion to vacate, set aside or correct sentence will be **DENIED** as time-barred and this action will be **DISMISSED**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure. The Court will further **DENY** petitioner leave to proceed *in forma pauperis* on appeal.

**AN APPROPRIATE ORDER WILL ENTER.**


s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

4