UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:10-CR-110-TAV-HBG-8 ) |
| DORIAN JOHNSON, | ) ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

Defendant has moved for a reduction in his term of imprisonment pursuant to the First Step Act [Doc. 570]. The Federal Defender Services of Eastern Tennessee filed a notice stating it does not intend to file any pleadings in this proceeding [Doc. 584], and the government responded to defendant's motion [Doc. 585]. This matter is ripe for resolution. The Court holds that defendant is not eligible for a reduction under Section 404 of the First Step Act. Accordingly, the Court will **DENY** defendant's motion [Doc. 570].

**I.      Background**

November 18, 2011, defendant pleaded guilty Count Twelve of the first superseding indictment, charging him with distribution of five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) [Docs. 6, 243, 342]. On March 12, 2012, the Court sentenced the defendant to 188 months' imprisonment, followed by six (6) years of supervised release [Doc. 342]. Defendant filed several post-conviction motions pursuant to 28 U.S.C. §§ 2255, which were denied [Docs. 411, 439, 538]. Defendant now seeks to reduce his sentence under Section 404 of the First Step Act [Doc. 570].

## II.  Analysis

Once a Court imposes a sentence, its judgment is generally final with a few narrow exceptions. *Freeman v. United* States, 564 U.S. 522, 526 (2011); *see also* 18 U.S.C. § 3582(b) ("Notwithstanding [certain specified exceptions,] a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes."). Section 404 of the First Step Act provides such an exception to the general rule against modifications to sentences. First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018).

If a court imposed a sentence for a "covered offense," as defined in § 404(a) of the First Step Act, then on the defendant's motion, the court "may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." *Id.* § 404(b). Section 404(a) defines a covered offense as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010." § 404(a). Section 2 of the Fair Sentencing Act amended the quantities of cocaine base, commonly known as crack cocaine, necessary to trigger certain mandatory minimum sentences under section 841(b)(1). Fair Sentencing Act, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010).

Here, defendant's offense of conviction is not a "covered offense." The record reflects that defendant was sentenced based on his conviction for distributing cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). However, his sentence was not

2

impacted by the enactment of Sections 2 or 3 of the Fair Sentencing Act. The Act did not modify the statutory penalties set forth in 21 U.S.C. § 841(b)(1)(C), so defendant is ineligible for a sentence reduction. *United States v. Willis*, No. 19-1723, 2020 U.S. App. LEXIS 4244, at *5 (6th Cir. Feb. 11, 2020); *accord United States v. Birt*, 966 F.3d 257, 264 (3d Cir. 2020) ("the text and effect of § 841(b)(1)(C) are the same now as before"); *United States v. Martinez*, 777 F. App'x 946, 947 (10th Cir. 2019) ("The Fair Sentencing Act had no effect on § 841(b)(1)(C)").

Defendant additionally mentions *United States v. Havis* as a possible basis for relief. 927 F.3d 382, 387 (6th Cir. 2019) (en banc) (per curiam). *Havis* has no impact here on the First Step Act analysis, as it announced a new procedural rule about the scope of the Sentencing Guidelines' definition of a "controlled substance offense." Additionally, *Havis* does not provide relief on collateral review. *Bullard v. United States*, 937 F.3d 654, 657 (6th Cir. 2019).

Accordingly, defendant's offense of conviction is not a "covered offense" under Section 404 of the First Step Act, and therefore, he is not entitled to relief. Defendant's pro se motion for a sentence reduction under the First Step Act [Doc. 570] is therefore **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE