UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:10-CR-110-TAV-HBG-8 |
| | ) | | |
| DORIAN JOHNSON, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on defendant's motion for reconsideration [Doc. 619]. On November 5, 2021, the Court denied defendant's motion requesting the Court to modify his sentence by retroactively ordering his sentence to run concurrently with a corresponding state sentence [Doc. 618]. Specifically, defendant's motion suggested the Court did not order his sentence to be served concurrently with his corresponding state sentence [Doc. 617 p. 2]. Therefore, because defendant suggested the Court was silent as to whether defendant's sentence should run concurrently with his state sentence, the Court applied the presumption that his sentence was imposed to run consecutively [Doc. 618]. Now, in defendant's instant motion for reconsideration, defendant suggests he affirmatively requested a concurrent sentence at the end of his sentencing hearing after his attorney stated he had nothing further to add regarding sentencing, and defendant avers the Court acknowledged this request [Doc. 619].

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v.*

*Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Defendant has cited no such statutory authority that would allow the Court to grant the requested relief, and the Court is not aware of any such statutory authority.[1] Accordingly, because the Court lacks authority to grant the requested relief, defendant's motion for reconsideration [Doc. 619] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

[1] Separately, the Court notes defendant has provided no evidence that supports his assertion that he requested a concurrent sentence. In fact, defendant's assertion is contradicted by the record because defendant's sentencing transcript reflects that defendant did not in fact request a concurrent sentence at the end of his sentencing hearing after his attorney stated he had nothing further to add regarding sentencing [Doc. 509 pp. 14–15].

2